SARAH A. RAINEY v. THE CITY OF LAWRENCE.
**No. 13,811.** ( 79 Pac. 116.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS—*Personal Injuries—Instructions.* In an action against a city for an injury caused by a defect in a sidewalk, where there is no evidence that would justify a finding that the plaintiff knew of the existence of the defect, or by the exercise of ordinary diligence might have known of it, it is error to instruct the jury as to the degree of care required of one using a walk knowing it to be defective.

2. ——— *Unsupported Finding of Notice of Defect.* In such a case, where the defect complained of was a small hole in the walk and a slight irregularity in the blocks of stone of which it was composed, and the plaintiff had no opportunity to learn of . the existence of such defect except by seeing the condition of the walk at the time of, or a few moments before, the accident, which occurred on a dark night, there being no evidence of any artificial illumination except that afforded by a dim light at

the head of an adjacent stairway, a finding that defendant knew of the defect, or in the exercise of ordinary care might have known of it, would not be justified.

Error from Douglas district court; CHARLES A. SMART, judge.   Opinion filed January 7, 1905.   Reversed.

*Stebbins & Evans,* and *F. M. McHale,* for plaintiff in error.

*C. E. Lindley,* and *Bishop & Mitchell,* for defendant in error.

The opinion of the court was delivered by

MASON, J. :   Sarah A. Rainey sued the city of Lawrence for damages occasioned by a defective sidewalk. The petition alleged that the unsafe condition of the walk caused plaintiff, while exercising due care, and without any fault on her part, to receive a fall which resulted in severe injuries.   The answer was a general denial, coupled with the allegation, in general terms, that any injury sustained by the plaintiff was due to the want of proper care on her part.   There was no attempt to specify any act or omission of plaintiff, as constituting contributory negligence. Without asking that the averments of new matter be made more definite the plaintiff filed a reply denying them.   A jury trial resulted in a verdict for defendant, upon which judgment was rendered, which plaintiff now seeks to reverse.

The only testimony as to the circumstances attending the plaintiff's injury was that given by her own witnesses, which was to this effect :   She was a stranger in the city.   Soon after seven o'clock upon a dark and rainy night in February she, with a party of friends, started out to attend a meeting which was to

be held in a public hall.   By mistake they went up a wrong stairway, and, discovering their error at once, returned.   The sidewalk directly in front of the hall, leading from the stairway to the street, was made of irregular pieces of stone which did not match evenly. One such piece in particular was low at one end and broken at a corner, so that a hole was formed in the pavement.   The plaintiff, in passing out of the doorway, was going quite fast.   Immediately upon stepping to the sidewalk she slipped, her heel or foot was caught in this hole, and she was thrown violently to the ground and severely hurt.   There was a dim light at the head of the stairway, but so far as the evidence shows there was no other artificial illumination whatever at the place of the accident.

The only assignments of error requiring discussion are based upon objections to the instructions given bearing upon contributary negligence, which were as follow :

"If these facts (the defect, notice to the city, and the resulting injury) are shown by a preponderance of the evidence, then she may recover, unless you further find, from a like preponderance of the evidence, that her own negligence proximately contributed to the injuries of which she complains, in which case there can be no recovery. . . . If you find that the defect existed as alleged ; that the city had notice thereof as just explained and ought, in the exercise of reasonable care, to have repaired it ; that the plaintiff sustained an injury by reason of such defect, and that her injuries were not the result of her own want of proper care, then she may recover.   And you are advised that she was not debarred from using said sidewalk, even though she knew it was dangerous ; but in such circumstances she was required to exercise a degree of care and prudence corresponding to the known or apparent danger.   Ordinarily, a traveler on the highway is not bound to keep his eye con-

stantly on the walk, nor his thoughts at all times fixed upon the known defect; but, considering the nature of such known defect, if any, and the dangers that might reasonably be apprehended therefrom, and all the attendant circumstances, you must say, as a matter of fact, whether the plaintiff herself exercised proper care. If she knew of such defect, or in the exercise of reasonable and ordinary care might have known it, she ought to have exercised a corresponding degree of care."

There was nothing in the evidence upon which to base a finding that the plaintiff knew of the defect that caused the injury, or by the exercise of ordinary diligence could have known of it, unless it can be said that the jury were justified in inferring that, as she had passed over the place of the accident but a few moments before it occurred, she must have seen the walk and have become aware of its defective condition if she used reasonable care. Such an inference might have been tenable if the occurrence had taken place in the daytime, or if there had been evidence of some artificial light sufficient to enable a traveler to discover the defect; but the affair having taken place upon a dark night, with no illumination but that furnished by a dim light at the head of the stairway, there was no basis for a conclusion that plaintiff actually learned of the condition of the walk, and for her failure to perceive the danger and guard against it negligence could not be imputed to her.

It might, perhaps, be argued, from the circumstance that witnesses were able to see and describe in some detail all that took place, that there must have been some other light than that described. Granting the soundness of the argument, it does not appear that any such additional light was of sufficient power to reveal the condition of the walk. If, in fact, there was other

illumination, or if there was light enough from any source to render the paving stones visible, it was incumbent upon defendant, upon whom the burden of proof of contributory negligence rested, to show it.

In the absence of any evidence that would justify a finding that plaintiff knew of the defect in the sidewalk, or by the exercise of ordinary diligence might have known of it, no issue was presented as to her actual or constructive knowledge of its existence, and no instruction should have been given as to the degree of care required of one using a walk with knowledge that it was defective; and as the matter was one of the utmost importance under the circumstances of the case the giving of such an instruction was prejudicial error, not merely because it tended to confuse the jury and distract attention from the real issue, but because it suggested, and by implication permitted, a verdict against plaintiff upon a theory not tenable under the evidence.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.